[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS
The parties were divorced in Michigan in January 1992. The parties have joint legal and physical custody of the 3 minor children issue of the marriage. The parties agreed that the plaintiff and the 3 minor children would move to Connecticut and their agreement was part of the decree of dissolution.
The plaintiff filed her foreign Judgment in Connecticut on January 31, 1996 and her foreign Judgment has been duly registered with the Judicial District of Ansonia/Milford at Milford, pursuant to § 46b-71 Connecticut General Statutes.
Thereafter, the plaintiff filed a Motion to Modify the Visitation, requesting a change only in the summer visitation schedule. Under the present schedule, the defendant has the children for the entire summer except 5 days.
The defendant has filed a Motion to Dismiss claiming that his Court lacks jurisdiction to modify the summer visitation schedule as ordered in the Michigan decree.
The governing law is found in the Connecticut Version of the Uniform Child Custody Jurisdiction Act (UCCJA).
The Court is also concerned with § 46b-10 C.G.S. (UCCJA) having to do with modification of a custody (visitation) decree of another state. Section 46b-104 C.G.S. provides as follows:
"Sec. 46b-104. Modification of custody decree of anotherstate. (a) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless (1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter or has declined to assume jurisdiction to modify the decree and (2) the court of this state has jurisdiction."
The plaintiff and the 3 minor children now aged 16, 12 and 8 have lived in Connecticut since August 1991. The defendant has remained a resident of the State of Michigan to this date. CT Page 4735
All 3 children attend school in Connecticut. The oldest child is an honor student and Dean's List student at the Rosemary-Choate School. The middle child is an honor student at the Middle school. The children are engaged in extra curriculum activities here in Connecticut.
Under § 46b-93 C.G.S. (UCCJA) this court would have jurisdiction to hear the plaintiff's Motion as Connecticut has been the home state of these children for more than 6 months, in fact, four years, and the mother has resided in this State for the same period of time. Further, there is more evidence in Connecticut than in Michigan regarding the children, their schooling, friends and activities. Thus, the children have significant connections in this State. In addition, there is more evidence available in this State to meet the "best interests of the child" test as set forth in § 46b-93 (a) C.G.S. (UCCJA).
The purpose of the UCCJA is to prevent jurisdictional competition and conflicts between the States and to assure that litigation concerning custody and visitation take place ordinarily in the State with which the child and his family have the closest connection. See: Agnello v. Becker, 184 Conn. 421
(1981).
This court took evidence from the plaintiff. Both parties were represented by counsel and each counsel filed a trial brief.
As counsel for the plaintiff pointed out in her brief, there is no action pending in Michigan. Michigan's own UCCJA makes it an inappropriate forum since it is not the home state of the children who have lived in Connecticut for the past 4 years. Further, it would not be in the best interests of the minor children if Michigan were to exercise its jurisdiction but would only serve the convenience and interests of the defendant.
Notwithstanding all of the above, since the defendant father continues to remain a Michigan resident, under the PKPA, Michigan has not lost its continuing jurisdiction in this case. Michigan may not be a convenient forum and there may be some question as to its "significant connection" provision, however, that in and of itself, would not deprive Michigan of its continuing jurisdiction.
On June 6, 1996, this Court and the Michigan Court in the person of the Honorable William G. Schma, (Circuit Court Judge in CT Page 4736 the Circuit Court for the County of Kalamazoo, Michigan) conferred on this matter pursuant to the provisions of § 46b-104 C.G.S. (UCCJA) The Michigan Court has graciously agreed to defer to Connecticut and has declined to assume jurisdiction to modify the summer visitation schedule.
Both counsel are complimented on their respective briefs and the extensive research involved in each brief. No useful purpose would be served by reviewing and interpreting all the case law which is available concerning this issue.
The Motion to Dismiss is denied.
Coppeto, J.